

# IN THE COURT OF CRIMINAL APPEALS
# OF TEXAS

## NO. AP-77,012

### EX PARTE JIMMY EARL VAN CLEAVE, Applicant

### ON APPLICATION FOR A WRIT OF HABEAS CORPUS
### CAUSE NO. 9403197 IN THE 179TH DISTRICT COURT
### FROM HARRIS COUNTY

*Per curiam*.

## O P I N I O N

Pursuant to the provisions of Article 11.07 of the Texas Code of Criminal Procedure, the clerk of the trial court transmitted to this Court this application for a writ of habeas corpus. *Ex parte Young*, 418 S.W.2d 824, 826 (Tex. Crim. App. 1967). Applicant was convicted of aggravated kidnapping and sentenced to life imprisonment. The Fourteenth Court of Appeals affirmed his conviction. *Van Cleave v. State*, No. 14-94-00731-CR (Tex. App. - Houston [14th Dist.] August 14, 1997, pet ref'd).

Applicant contends that his trial counsel rendered ineffective assistance because counsel failed to present any evidence or testimony in mitigation of punishment.

The record on this application was initially forwarded to this Court containing findings of

fact and conclusions of law, signed by the trial court on August 3, 2012, recommending that relief be granted. The record did not contain a subsequent order, signed by the trial court on September 25, 2012, in which the trial court rescinded its August 3, 2012 findings of fact and conclusions of law.

On April 17, 2013, this Court issued an opinion granting relief in the form of a new punishment hearing on the basis of ineffective assistance of trial counsel. This Court's opinion referred to the trial court's findings that trial counsel's performance was deficient in that counsel did not present favorable punishment evidence, despite the presence of witnesses who would have testified favorably on Applicant's behalf at punishment, and that such deficient performance prejudiced Applicant.

On April 29, 2013, this Court received a motion from the State, asking this Court to reconsider the granting of habeas relief on its own initiative. Because this Court's previous opinion cited to the trial court's findings of fact and conclusions of law which had been rescinded, we will reconsider on our own motion. We now withdraw that opinion and issue this opinion it its place.

Based on an independent review of the entire record, including the affidavit submitted by trial counsel, this Court concludes that Applicant received ineffective assistance of trial counsel during the punishment stage of trial. Relief is granted. The sentence in Cause No. 9403197 in the 179th District Court of Harris County is set aside, and Applicant is remanded to the custody of the Sheriff of Harris County for a new sentencing hearing. The trial court shall issue any necessary bench warrant within 10 days after the mandate of this Court issues.

Copies of this opinion shall be sent to the Texas Department of Criminal Justice-Correctional Institutions Division and Pardons and Paroles Division.

Delivered:  May 15, 2013
Do not publish